1  SHARON R. VINICK, ESQ., State Bar No. 129914
   E-Mail: sharon@levyvinick.com
2  LEVY VINICK BURRELL HYAMS LLP
   180 Grand Avenue, Suite 1300
3  Oakland, CA 94612
   Tel.: (510) 318-7700
4  Fax: (510) 318-7701

5  RACHEL TERP, ESQ., State Bar No. 290666
   E-Mail: rachel@terplaw.com
6  TERP LAW
   2831 Telegraph Avenue
7  Oakland, CA 94609
   Tel.: (510) 550-5103
8
   Attorneys for Plaintiffs Antonio Loera, Jr. and
9  Charlotte Daniels and the Collective Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ANTONIO LOERA, JR. and CHARLOTTE DANIELS, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ALAMEDA, a political subdivision of the State of California,<br><br>Defendant. | ) Case No.<br>)<br>) **COMPLAINT FOR DAMAGES,**<br>) **LIQUIDATED DAMAGES, AND**<br>) **DECLARATORY RELIEF; DEMAND FOR**<br>) **JURY TRIAL**<br>)<br>) **COLLECTIVE ACTION UNDER THE FLSA**<br>) **– FAILURE TO PAY OVERTIME (29 U.S.C.**<br>) **§ 201).**<br>)<br>) **DEMAND FOR JURY TRIAL** |
|---|---|

**COLLECTIVE ACTION COMPLAINT**

Named Plaintiffs Antonio Loera, Jr. and Charlotte Daniels ("Named Plaintiffs"), along with other similarly situated employees who may join this action, allege as follows:

**INTRODUCTION**

1. Named Plaintiffs bring this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 201, *et seq.*, on behalf of themselves and all other persons similarly situated against Defendant County of Alameda ("Defendant") for violations of the FLSA.

2. As more fully described below, during the relevant time period, Defendant willfully violated the FLSA by failing to pay Sheriff's Safety Aides assigned to work shifts at the Oakland International Airport, including Named Plaintiffs, for all of their overtime hours worked.

**THE PARTIES**

3. Named Plaintiff Antonio Loera, Jr. is an individual residing in the City of Oakland, California, in Alameda County. Defendant has employed Loera since approximately July 5, 2005 as a Sheriff's Safety Aide for the Alameda County Sheriff's Office ("ACSO"). In that role, he has worked overtime hours for which he has not been compensated. While employed by Defendant, Loera has performed his work in the County of Alameda, California. Plaintiff has given written consent to be a party plaintiff in this action pursuant to 29 U.S.C. §§ 216(b) and 256, which consent is one of two attached hereto collectively as **Exhibit A**.

4. Named Plaintiff Charlotte Daniels is an individual residing in the State of California. Defendant employed Plaintiff Daniels from approximately November 14, 2010 to September 3, 2021 as a Sheriff's Safety Aide for the ACSO. In the role, she has worked overtime hours for which she has not been compensated. While employed by Defendant, Plaintiff Daniels performed her work in the County of Alameda, California. Plaintiff has given written consent to be a party plaintiff in this action pursuant to 29 U.S.C. §§ 216(b) and 256, which consent is one of two attached hereto collectively as **Exhibit A**.

5. Defendant County of Alameda is a government entity in California. Defendant County of Alameda is, and during the relevant time period was, a political subdivision of the State of California, duly organized and existing under the laws of the State of California. Defendant County of Alameda is

named as the legal employer of all persons employed and working in the Alameda County Sheriff's Office. Defendant is a public agency within 29 U.S.C. § 203(x), is an employer as defined by 29 U.S.C § 203(d), is an "enterprise" as defined by 29 U.S.C. § 203(r).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the action arises under the FLSA.

7. Venue is proper in the United States District Court, Northern District of California, pursuant to 28 U.S.C. § 1391, because Defendant resides in this district and because the events giving rise to the claims occurred in this district. Pursuant to L.R. 3-2(c) and (d), this action is properly assigned to the Oakland or San Francisco Division of the Northern District of California because events giving rise to the dispute occurred in Alameda County, California.

## PROPOSED FLSA COLLECTIVE

8. The proposed FLSA Collective is defined as follows:

All Sheriff's Safety Aides and individuals in similar or related positions who worked for the County of Alameda's Alameda County Sheriff's Office in and around the Oakland International Airport at any time three years prior to the filing of this Complaint through the present.

## COMMON FACTUAL ALLEGATIONS

9. During the relevant time period, the ACSO employed Sheriff's Safety Aides to perform security work at a number of locations in and around the Oakland International Airport.

10. In or around 2008, ACSO adopted an alternative work schedule for Sheriff's Safety Aides that involved four shifts per week. This schedule has persisted. During the relevant period, Sheriff's Safety Aides typically have been scheduled to work three 11.5-hour shifts and one shorter 5.5-hour shift. Sheriff's Safety Aides are typically scheduled to work 40 hours and are typically compensated for 40 hours per workweek.

11. In reality, Defendant has maintained a policy, plan, and/or practice of requiring Sheriff's Safety Aides to work uncompensated overtime. During the relevant time period, Defendant has required Sheriff's Safety Aides to arrive at a station at least 15 minutes before their scheduled shifts to perform job duties, including the following:

        A.      Attend a "muster" meeting where they were briefed on recent incidents and advised of issues affecting upcoming or future shifts;

        B.      Pick up the body cameras they are required to wear for their shifts;

        C.      Arrive in uniform or put on their uniform; and

        D.      Board a van to be driven to their posts in the airport.

Other work performed by Sheriff's Safety Aides during the time before their scheduled shift has included picking up the radios they need for their shifts, reading memorandums relating to matters affecting upcoming or future shifts, and checking their schedules.

12. During the relevant time-period, Defendant has also required Sheriff's Safety Aides to perform work after the end of their scheduled shifts. Defendants utilize a one-for-one system to drop off and pick up Sheriff's Safety Aides from their work posts. Sheriff's Safety Aides for an upcoming shift are driven from the muster station to their posts in a van and dropped off, one-by-one to their posts, while the Sheriff's Safety Aides they are relieving are simultaneously picked up by the van one-by-one. Due to this one-for-one system of drop off and pick up, Sheriff's Safety Aides typically arrive back at the station between 15 and 30 minutes after their shift is scheduled to end. Back at the station, Sheriff's Safety Aides drop off their body cameras before the true end of their shifts.

13. Defendant's uniform policy, plan, and/or practice results in Sheriff's Safety Aides regularly working 30 minutes or more of uncompensated time per shift, which typically amounts to more than two-hours of uncompensated overtime per week per employee.

14. Defendant was aware, or should have been aware, that Plaintiffs and similarly situated Sheriff's Safety Aides performed work that required payment of overtime compensation. For example,

        A.      Defendant knew Plaintiffs and similarly situated Sheriff's Safety Aides worked overtime hours because Defendant required Sheriff's Safety Aides to attend muster meetings and implemented the one-for-one drop-off and pick-up system;

        B.      Over the years, Sheriff's Safety Aides complained to Defendant that they were not compensated for the time they worked before and after their scheduled shifts;

        C.      On November 21, 2022, an ACSO Sheriff's Technician emailed Sheriff Yesenia Sanchez directly to alert her to the issue, and on November 28, 2022, the Sheriff

replied to the email stating that she had asked someone "to look into the matter." However, the system of failing to pay Aides for all hours worked has not changed as of the date of filing this complaint.

15. Defendant's conduct, as set forth in this Complaint, was willful. Defendant operated under a scheme that has caused significant damages to Plaintiffs and the similarly situated individuals.

16. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the similarly situated employees, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201,** *et seq.*
**(On Behalf of Plaintiffs and the FLSA Collective)**

17. Plaintiffs incorporate by reference all preceding allegations.

18. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

19. Named Plaintiffs consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b). Other opt-in Plaintiffs have also consented in writing to join this action, and their consent forms are attached as **Exhibit B**. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

20. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

21. At all times relevant, Plaintiffs and the proposed FLSA Collective were employees within the meaning of the FLSA. Defendant has failed to pay Plaintiffs and the proposed FLSA Collective overtime wages to which they were entitled under the FLSA.

22. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

23. Defendant failed to make a good faith effort to comply with the FLSA with respect to

1  compensation of Plaintiffs and the proposed FLSA Collective.

2      24.    Because Defendant's violations of the FLSA have been willful, a three-year statute of
3  limitations applies, pursuant to 29 U.S.C. § 255.

4      25.    As a result of Defendant's willful violations of the FLSA, Plaintiff and the proposed
5  FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C.
6  §§ 201, et seq.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the proposed FLSA Collective seek the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the proposed FLSA Collective. Such notice should inform them that this civil action has been filed, the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing their unlawful practices;

E. Attorneys' fees and costs of the action;

F. An appropriate service award for Plaintiff Loera and Plaintiff Daniels' efforts and service to the proposed FLSA Collective; and

G. Such other injunctive and equitable relief as this Court shall deem just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiffs and the proposed FLSA Collective demand a trial by jury.

Respectfully submitted,

DATED: February 22, 2023    LEVY VINICK BURRELL HYAMS LLP

By: _____
SHARON R. VINICK
Attorneys for Plaintiffs Antonio Loera, Jr. and
Charlotte Daniels and the Collective Class